# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JC PICKETT, a minor child, KV PICKETT, a minor child, ANESSA PICKETT, an individual, IAN PICKETT and KHALIA PICKETT, husband and wife, both individually and on behalf of their minor children,<br><br>Plaintiffs,<br><br>v.<br><br>LIBERTY MUTUAL INSURANCE COMPANY,<br><br>Defendant. | NO. 2:20-CV-0426-TOR<br><br>ORDER DENYING NON-PARTY TEMPORARY HOUSING, INC.'S MOTION FOR PROTECTIVE ORDER |

BEFORE THE COURT is Non-Party Temporary Housing, Inc.'s Motion for Protective Order (ECF No. 17). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein, and is fully informed. For the reasons discussed below, Non-Party Temporary Housing, Inc.'s Motion for Protective Order (ECF No. 17) is **DENIED**.

//

ORDER DENYING NON-PARTY TEMPORARY HOUSING, INC.'S
MOTION FOR PROTECTIVE ORDER ~ 1

## BACKGROUND

This case concerns an insurance dispute that arose after a fire destroyed Plaintiffs' home and personal belongings therein. *See* ECF No. 1-1. On October 8, 2020, Plaintiffs filed this suit against Defendant Liberty Mutual Insurance, Inc. in Ferry County Superior Court. ECF No. 1-1. On November 18, 2020, Defendant timely removed the action to the Eastern District of Washington. ECF No. 1. On February 19, 2021, the Court appointed Khalia Pickett as Guardian Ad Litem for minor Plaintiffs J.C. and K.V. ECF No. 16.

On June 11, 2021, non-party Temporary Housing, Inc. ("THI") filed the present motion. ECF No. 17. Plaintiffs filed a response, and Defendant and THI filed separate replies. ECF Nos. 21, 23, 25. The present matter is a dispute over subpoenas issued to THI as a non-party in this case who is now a party in a separate action initiated by Plaintiffs (case number 2:21-CV-0174-TOR). ECF No. 17.

## DISCUSSION

**A. Motion for Protective Order**

Pursuant to Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." However, "any person from whom discovery is sought may move for a protective order in the court where the

action is pending …. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including "forbidding the disclosure or discovery." Fed. R. Civ. P. 26(c)(1)(A). Moreover, a non-party may move to quash a subpoena issued by a party. Fed. R. Civ. P. 45. A court must quash or modify a subpoena if it: "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). The Court is vested with broad discretion to permit or deny discovery. *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

Here, THI moves to quash Plaintiffs' subpoena under Rule 45 on the grounds that it is now a defendant in a separate action with Plaintiffs, arguing that Plaintiffs are constrained in seeking the documents in this action because the Rule 26(f) conference has not occurred in the separate action. ECF No. 17 at 4. THI's argument puts the cart before the horse. Plaintiffs' actions against Defendant and THI are separate, with separate discovery deadlines. Moreover, THI has moved to dismiss the separate action against it, thus seeking to completely avoid that avenue for discovery. *See* ECF No. 4 in case number 2:21-CV-0174-TOR.

The Court declines to address THI and Defendant's arguments that the cases should be consolidated, as the issue was briefed for the first time in their replies, ECF Nos. 23, 25. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("[D]istrict courts need not consider arguments raised for the first time in a reply brief.").

The Court finds that THI has failed to establish good cause for a protective order and has failed to establish an undue burden as a non-party in this action. Therefore, the motion for protective order is denied.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Non-Party Temporary Housing, Inc.'s Motion for Protective Order (ECF No. 17) is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

DATED July 13, 2021.



THOMAS O. RICE
United States District Judge