1

2

3

4

5 UNITED STATES DISTRICT COURT

6 EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JC PICKETT, a minor child, KV PICKETT, a minor child, ANESSA PICKETT, an individual, IAN PICKETT and KHALIA PICKETT, husband and wife, both individually and on behalf of their minor children, | NO. 2:20-CV-0426-TOR |
| Plaintiffs, | ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL AND DEFENDANT'S MOTION FOR PROTECTIVE ORDER |
| v. | |
| LIBERTY MUTUAL INSURANCE COMPANY, | |
| Defendant. | |

BEFORE THE COURT are Plaintiffs' Motion to Compel and Request for

Fees and Costs (ECF No. 26) and Defendant's Motion for a Protective Order (ECF

No. 28). These matters were submitted for consideration without oral argument.

The Court has reviewed the record and files herein, and is fully informed. For the

reasons discussed below, Plaintiffs' Motion to Compel and Request for Fees and

Costs (ECF No. 26) is **GRANTED in part** and **DENIED in part** and Defendant's

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS'
MOTION TO COMPEL AND DEFENDANT'S MOTION FOR
PROTECTIVE ORDER ~ 1

Motion for a Protective Order (ECF No. 28) is **GRANTED in part** and **DENIED in part**.

## BACKGROUND

This case concerns an insurance dispute that arose after a fire destroyed Plaintiffs' home and personal belongings therein.  *See* ECF No. 5-6.  On October 8, 2020, Plaintiffs filed this suit against Defendant Liberty Mutual Insurance, Inc. in Ferry County Superior Court.  ECF No. 1-1.  On November 18, 2020, Defendant timely removed the action to the Eastern District of Washington.  ECF No. 1.  On November 19, 2020, Plaintiffs filed an amended complaint.  ECF No. 5-6.

On July 9, 2021, the parties filed the present motions.  ECF Nos. 26, 28.  The parties timely filed their respective responses and replies.  ECF Nos. 31-32, 34, 36.  The motions place the same discovery at issue.  *See id.*  Plaintiffs seek to compel and Defendant seeks to avoid a witness or witnesses testifying to various topics in a Rule 30(b)(6) deposition.  *Id.*

Plaintiffs seek to compel:

1. <u>Topics 3, 9</u>: All documents and communications related to adjusting the Pickett claim, regardless of source or timing.

2. <u>Topics 4, 5, 11, 27, 36, 37</u>: Policies, procedures, guidelines, proposals, contracts, and cost-benefit analyses involving third parties, vendors, or experts hired or used to assist with plaintiffs' claim.

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL AND DEFENDANT'S MOTION FOR PROTECTIVE ORDER ~ 2

3. <u>Topic 15</u>: Prior bad-faith complaints and lawsuits against Liberty Mutual for the previous ten years.

4. <u>Topic 16</u>: Personnel records (including things like performance reviews, disciplinary action and excluding personal and health information) of key employees working on the Pickett claim.

5. <u>Topics 20, 21, 22</u>: Financial metrics, cost-saving policies, and bonus and incentive programs.

ECF No. 26 at 2.

Defendant moved for a protective order regarding the same topics except for Topics 3 and 9 (All documents and communications related to adjusting the Pickett claim, regardless of source or timing), although Defendant opposes those topics in response to the motion to compel. *See* ECF No. 28 at 2-3.

**DISCUSSION**

**A.  Motions to Compel and for Protective Order**

Pursuant to Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  "The discovery process in theory should be cooperative and largely unsupervised by the district court."  *Salie v Corona Reg. Med. Ctr.*, 884 F.3d 1218, 1219 (9th Cir. 2018).  Nevertheless, absent an amicable resolution of a discovery dispute, a party may move the Court

1    for an order compelling discovery.  Fed. R. Civ. P. 37(a)(1).  The party opposing

2    discovery bears the burden of resisting disclosure.  *Rogers v. Glurbino*, 288 F.R.D.

3    469, 479 (S.D. Cal. 2012).  The motion must include certification that the moving

4    party "in good faith conferred or attempted to confer" with opposing counsel in an

5    effort to obtain discovery without court action.  *Id*. at 477.  Here, Plaintiffs certify

6    the parties conferred on the topics and were unable to come to a resolution.  ECF

7    No. 26 at 2-3.

8        Additionally, "any person from whom discovery is sought may move for a

9    protective order in the court where the action is pending ….  The court may, for

10   good cause, issue an order to protect a party or person from annoyance,

11   embarrassment, oppression, or undue burden or expense," including "forbidding

12   the disclosure or discovery."  Fed. R. Civ. P. 26(c)(1)(A).  The Court is vested with

13   broad discretion to permit or deny discovery.  *Hallett v. Morgan*, 296 F.3d 732,

14   751 (9th Cir. 2002).

15       Pursuant to Federal Rule of Civil Procedure 30, a party may question a

16   corporation's designee provided that the notice describes "with reasonable

17   particularity the matters for examination."  Fed. R. Civ. P. 30(b)(6).  "The persons

18   designated must testify about information known or reasonably available to the

19   organization."  *Id.*  "Before or promptly after the notice or subpoena is served, the

20   serving party and the organization must confer in good faith about the matters for

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS'
MOTION TO COMPEL AND DEFENDANT'S MOTION FOR
PROTECTIVE ORDER ~ 4

examination." *Id.* The purpose of Rule 30(b)(6) is to streamline the discovery process. *Great Am. Ins. Co. of New York v. Vegas Const. Co.*, 251 F.R.D. 534, 538 (D. Nev. 2008).

Here, Defendant seeks to quash or limit the deposition notice because Plaintiffs failed to meet and confer promptly after issuing the notice. ECF No. 28 at 4. The Court declines to quash or limit the topics on this basis as the parties have met and conferred prior to the deposition – Defendant has suffered no prejudice. ECF No. 32 at 3-4. The Court also declines to limit the notice at Defendant's request due to the "Plaintiffs' efforts to skirt LCR 34(d)" where there is no limit on the number of topics allowed to be noticed in a Rule 30(b)(6) deposition. ECF No. 32 at 5-6; ECF No. 36 at 8-11.

1. *Topics 3, 9: All documents and communications related to adjusting the Pickett claim, regardless of source or timing.*

Plaintiffs assert that all claim activity is discoverable. ECF No. 26 at 5. Defendant argues that this topic seeks seeking privileged communications that are protected by the attorney client privilege and work product doctrine. ECF No. 31 at 2-5. The primary dispute is whether the presumption in *Cedell v. Farmers Ins. Co. of Washington*, 176 Wash. 2d 686 (2013) applies to this case. ECF No. 26 at 5; ECF No. 31 at 4.

1          In Washington, insurers owe a quasi-fiduciary duty to insureds. *Cedell*, 176

2   Wash. 2d at 698. A breach of this duty during the claim administration process

3   gives rise to a cause of action for bad faith. *Id.* at 696. A plaintiff who sues his or

4   her own insurance company for bad faith has a particularized need to access the

5   insurer's claims file; without access to the insurer's records, the plaintiff could

6   almost never prove that the insurer acted in bad faith. *Id.* at 696-697. As a result

7   of this particularized need, as well as the quasi-fiduciary relationship between the

8   parties, the insurer's claims file is subject to disclosure. *Id.* at 698. However, this

9   need is not absolute; the insurer may withhold documents on the basis of attorney-

10  client privilege or the work product doctrine. *Id.* at 699. In so doing, however, the

11  insurer must overcome a presumption that withheld material is discoverable:

12
        [A court must] start from the presumption that there is no attorney-
        client privilege relevant between the insured and the insurer in the
13     claims adjusting process, and that the attorney-client and work
        product privileges are generally not relevant. However, the insurer
14     may overcome the presumption of discoverability by showing its
        attorney was not engaged in the quasi-fiduciary tasks of investigating
15     and evaluating or processing the claim, but instead in providing the
        insurer with counsel as to its own potential liability; for example,
16     whether or not coverage exists under the law. Upon such a showing,
        the insurance company is entitled to an in camera review of the claims
17     file, and to the redaction of communications from counsel that
        reflected the mental impressions of the attorney to the insurance
18     company, unless those mental impressions are directly at issue in its
        quasi-fiduciary responsibilities to its insured.

19

20  *Id.* at 698-99 (internal citations and footnote omitted). Only if a court finds that the

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS'
MOTION TO COMPEL AND DEFENDANT'S MOTION FOR
PROTECTIVE ORDER ~ 6

1  attorney-client privilege applies, will the court address arguments to pierce the

2  attorney client privilege, such as the civil fraud exception. *Id.* at 699-700.

3       Here, Plaintiffs filed suit while the claim file remained open. ECF No. 31 at

4  3. Defendant's litigation counsel instructed Plaintiffs to send all communications,

5  including claim communications, through counsel. *Id.* Defendant asserts these

6  communications contain work product and legal advice because counsel advised

7  client how to respond in light of pending litigation. *Id.* Based on the limited

8  information provided to the Court, Defendant's counsel owes Plaintiffs a quasi-

9  fiduciary duty when counsel performed functions of "investigating, evaluating,

10  negotiating, and processing the claim," including "prompt and responsive

11  communications with the insured," especially where Plaintiffs' counsel was

12  instructed to send all claim communications through Defendant's counsel. *Cedell*,

13  176 Wash. 2d at 701. Because the presumption applies to the extent Defendant's

14  counsel handled the open claim communications, Defendant may only assert the

15  attorney-client privilege upon a showing *in camera* that the communications to the

16  insurer were litigation-related rather than communications based on the quasi-

17  fiduciary function of handling Plaintiff's claim in good faith. *Id.* at 699.

18       Defendant's argument that it is an "incorrect notion that an insurer continues

19  to be bound by good faith duties of investigation after litigation has been filed" is

20  questionable at best. 31 at 3-4. The cases Defendant cites to are distinguishable.

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS'
MOTION TO COMPEL AND DEFENDANT'S MOTION FOR
PROTECTIVE ORDER ~ 7

1    Defendants cites to decisions that are irrelevant here, including those that found the

2    time for an insurer to respond under the Washington Administrative Code becomes

3    subordinate to the Federal Rules of Civil Procedure following commencement of

4    litigation.  ECF No. 31 at 4 (collecting cases).  Second, Defendant's citations to

5    underinsured motorist claims ("UIM") cases are distinguishable because such cases

6    do not apply the presumption in *Cedell*.  ECF No. 31 at 5; *Cedell*, 176 Wash. 2d at

7    697 ("[O]f course, we recognize a difference between UIM bad faith claims and

8    other first party bad faith claims.").

9        Defendant also contends that *Cedell* does not apply to the work product

10   doctrine.  ECF No. 31 at 5.  Under the *Erie* Doctrine, a federal court sitting in

11   diversity applies federal procedural law and the substantive law of the forum state.

12   *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).  The attorney-client privilege is

13   a substantive evidentiary privilege governed by state law.  *See* Fed. R. Evid. 501;

14   *Lexington Ins. Co. v. Swanson*, 240 F.R.D. 662, 666 (W.D. Wash. 2007).  The

15   work product doctrine is a procedural immunity governed by the Federal Rules of

16   Civil Procedure.  *See* Fed. R. Civ. P. 26(b)(3); *Shreib v. Am. Family Mut. Ins. Co.*,

17   304 F.R.D. 282, 285 (W.D. Wash. 2014).

18       The work product doctrine protects "documents and tangible things that are

19   prepared in anticipation of litigation or for trial by or for another party or its

20   representative" from discovery.  Fed. R. Civ. P. 26(b)(3)(A).  In a bad faith

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS'
MOTION TO COMPEL AND DEFENDANT'S MOTION FOR
PROTECTIVE ORDER ~ 8

1   insurance action, the insured must demonstrate the "mental impressions are *at*

2   *issue* in a case and the need for the material is compelling." *Holmgren v. State*

3   *Farm Mur. Auto. Ins. Co.*, 976 F.2d 573, 577 (9th Cir. 1992).

4       A party may not discover such documents unless the party shows a

5   "substantial need" for the materials and the inability to obtain the equivalent by

6   other means without undue hardship. Fed. R. Civ. P. 26(b)(3)(A)(ii). Even where

7   a court orders disclosure of work product, "it must protect against disclosure of the

8   mental impressions, conclusions, opinions, or legal theories of a party's attorney or

9   other representative concerning the litigation." Fed. R. Civ. P. 26(b)(3)(B). In a

10  bad faith insurance action, the insured must demonstrate the "mental impressions

11  are *at issue* in a case and the need for the material is compelling." *Holmgren v.*

12  *State Farm Mur. Auto. Ins. Co.*, 976 F.2d 573, 577 (9th Cir. 1992). The party

13  invoking the work product doctrine bears the burden establishing that it applies.

14  *United States v. Richey*, 632 F.3d 559, 566 (9th Cir. 2011).

15      The analysis of whether the work product doctrine applies requires a case-

16  by-case inquiry where "a document should be deemed prepared in anticipation of

17  litigation … if in light of the nature of the document and the factual situation of the

18  particular case, the document can be fairly said to have been prepared or obtained

19  because of the prospect of litigation." *In re Grand Jury Subpoena (Mark Torf/Torf*

20  *Env't Mgmt.)*, 357 F.3d 900, 907 (9th Cir. 2004) (internal citation and quotation

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS'
MOTION TO COMPEL AND DEFENDANT'S MOTION FOR
PROTECTIVE ORDER ~ 9

marks omitted).  Where a document would be created in substantially similar form in the normal course of business, the document will not be shielded from discovery.  *Id.* at 908.  However, if the document serves more than one purpose, the Ninth Circuit applies the following test:

> Dual purpose documents are deemed prepared because of litigation if in light of the nature of the document and the factual situation in the particular case, the document can be fairly said to have been prepared or obtained because of the prospect of litigation.  In applying the because of standard, courts must consider the totality of the circumstances and determine whether the document was created because of anticipated litigation, and would not have been created in substantially similar form but for the prospect of litigation.

*Richey*, 632, F.3d at 567-68 (internal citation and quotation marks omitted).

Here, Defendant merely asserts "[i]t can hardly be disputed that communications from counsel to their client during litigation is work product." ECF No. 31 at 5.  Due to the specific procedural setting of this case, i.e. Plaintiffs filed suit while the insurance claim remains open, the Court does not know whether the claimed documents were created for a "dual purpose."  *Richey*, 632, F.3d at 567-68.  Therefore, the Court finds that documents that Defendant claims are protected under attorney client privilege and the work product doctrine should be submitted for *in camera* review.  Upon receiving the documents, the Court will determine whether they must be disclosed for use during the Rule 30(b) deposition.

2. _Topics 4, 5, 11, 27, 36, 37_: *Policies, procedures, guidelines, proposals, contracts, and cost-benefit analyses involving third parties, vendors, or experts hired or used to assist with plaintiffs' claim.*

Plaintiffs asserts that this topic is relevant to Plaintiff's claim of negligent handling and bad faith because "Liberty Mutual's agreements with third-party vendors or experts are important to understand things like the scope of the adjusting tasks delegated by Liberty Mutual and whether the vendor had an incentive to save Liberty Mutual money on the claim, which also ties to plaintiffs' CPA claim and could form a basis for injunctive relief."  ECF No. 26 at 7. Defendant asserts that some of the listed topics apply to any vendor and are therefore overbroad, unduly burdensome, and not proportional to the needs of the case.  ECF No. 31 at 9-10.

The Court agrees that topics related to third-party vendors who did not handle Plaintiffs' claim are irrelevant and overly broad and need not be discussed at the Rule 30(b) deposition.  The topics may further be limited to only the policies, procedures, guidelines, contract, and cost-benefit analyses that were relied on in handling Plaintiffs' claim.  The Court declines to limit the topics related to the structural evaluation, where Defendant argues it is "entirely irrelevant in this case, in which [Defendant] agreed to the price of repairs with plaintiffs' contractor."  ECF No. 28 at 11.  An argument on the substantive merits of Plaintiffs' claims can be more appropriately addressed at a later time.

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL AND DEFENDANT'S MOTION FOR PROTECTIVE ORDER ~ 11

3. _Topic 15_: *Prior bad-faith complaints and lawsuits against Liberty Mutual for the previous ten years.*

Plaintiffs asserts that evidence of prior bad-faith complaints is relevant to (1) a pattern or practice to establish a CPA claim, (2) conduct to establish a CPA injunction, (3) locating witnesses or experts from other cases, and (4) admissions by the insurer under the party-opponent rule or the doctrines of judicial or collateral estoppel.  ECF No. 26 at 7-8.  Defendant asserts that the request is irrelevant, unduly burdensome, and not proportional to the needs of the case.  ECF No. 31 at 5-6.

The Court agrees with Defendant that this information is not necessary to establish Plaintiffs' CPA claims, where they can show a *per se* violation.  ECF No. 36 at 6; *see also Perez v. Am. Fam. Ins. Co.*, No. C20-849RSM, 2021 WL 928180, at *2 (W.D. Wash. Mar. 11, 2021).  Moreover, the information may be readily obtained elsewhere, including IFCA complaints found on the Insurance Commissioner's website.  ECF No. 36 at 7.  The Court finds that this topic is overly broad as written where it does not narrow complaints and lawsuits who have similar issues presented, and the topic is therefore unduly burdensome in the context of a Rule 30(b) deposition.

//

//

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL AND DEFENDANT'S MOTION FOR PROTECTIVE ORDER ~ 12

4. <u>Topic 16</u>: *Personnel records (including things like performance reviews, disciplinary action and excluding personal and health information) of key employees working on the Pickett claim.*

Plaintiffs asserts this topic is for the purpose of investigating the education, training, qualifications, compensation, performance, financial incentives, and discipline of employees who handled Plaintiffs' claim.  ECF No. 26 at 8-9. Defendant objects on that grounds that the topic invades the privacy rights of the employees.  ECF No. 28 at 7-8.

To the extent the files contain records of discipline, termination, or resignation in lieu of termination, the topic is relevant to Plaintiffs' negligent handling claim, bad faith claim, and claim that Defendant violated its "responsibility to properly train employees involved in claims-handling activity." ECF No. 5-6 at 5, ¶ 28.  The Court notes that Plaintiffs are not seeking personal and healthcare information; in any event, the parties' pending stipulated motion for protective order, ECF No. 39, can allow Defendant to redact or mark any such information as confidential to prevent embarrassment, annoyance, or harassment.

5. <u>Topics 20, 21, 22</u>: *Financial metrics, cost-saving policies, and bonus and incentive programs.*

Plaintiffs assert this topic is relevant to Defendant's duty of good faith, and will allow Plaintiffs "to discover how Liberty Mutual's financial and compensation plans and policies relate to or incentivize its claims-handling conduct."  ECF No.

26 at 10-11.  Defendant contends topic 20 is overbroad ("any and all" cost saving

policies), topic 21 (efforts to not "overpay" claims) is not relevant nor

proportional, and topic 22 (bonuses, compensation, and incentives) is not relevant

to the claims at issue.  ECF No. 31 at 8-9.

Here, the Court finds that such information is relevant to Plaintiffs' claim of

bad faith as to whether Defendant put its own financial interest above the insured.

ECF No. 26 at 9-10.  However, the topics are overly broad as written and the Court

will limit the topic to financial metrics, cost-saving policies, and bonus and

incentive programs that apply to Plaintiffs' claims.

### 6.  *Attorney fees and costs*

Federal Rule of Civil Procedure 37(a)(5) provides that a court must award

reasonable costs and attorney's fees incurred in bringing a successful motion to

compel, unless one of three circumstances is present: (1) the moving party failed to

confer in good faith with opposing counsel prior to filing the motion; (2) the

opposing party's non-disclosure of the requested information was substantial

justified; or (3) "other circumstances" make an award of costs and expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).  In the event that the moving party is

unsuccessful, the court must award costs and reasonable attorney's fees to the non-

moving party, unless the movant was substantially justified in bringing the motion

or other circumstances would make such an award unjust.  Fed. R. Civ. P.

37(a)(5)(B).  Finally, in the event that the motion is granted in part and denied in

part, the court may "apportion the reasonable expenses for the motion" in any

manner it deems appropriate.  Fed. R. Civ. P. 37(a)(5)(C).

Here, parties' motions have been granted in part and denied in part.  Under

these circumstances, the Court finds it appropriate that each party bear its' own

costs and fees.  Fed. R. Civ. P. 37(a)(5)(C).

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiffs' Motion to Compel and Request for Fees and Costs (ECF No. 26) is **GRANTED in part** and **DENIED in part**.

2. Defendant's Motion for a Protective Order (ECF No. 28) is **GRANTED in part** and **DENIED in part**.

3. Defendant shall submit to the Court documents it claims are protected by attorney-client privilege and the work product doctrine for *in camera review* **no later than August 20, 2021.**

4. Each party shall bear their own costs and fees.

//

//

//

//

//

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS'
MOTION TO COMPEL AND DEFENDANT'S MOTION FOR
PROTECTIVE ORDER ~ 15

1      The District Court Executive is directed to enter this Order and furnish

2   copies to counsel.

3      DATED August 11, 2021.



THOMAS O. RICE
United States District Judge

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS'
MOTION TO COMPEL AND DEFENDANT'S MOTION FOR
PROTECTIVE ORDER ~ 16